IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY J. SEELEY,

        Plaintiff,               No. CIV S-05-2319 FCD JFM P

        vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. § 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1

1    month's income credited to plaintiff's prison trust account.  These payments shall be collected

2    and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

3    plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4            Plaintiff alleges he is a member of the sovereign Seneca Nation of Indians and

5    receives tribal funds which are to be used for educational purposes only.  Plaintiff contends these

6    funds are untaxable by either state or federal authorities for any reason.  Plaintiff seeks monetary

7    damages and injunctive relief based on the manner in which defendants are satisfying the

8    restitution order imposed as a result of plaintiff's criminal conviction.  Plaintiff is not challenging

9    the imposition of the restitution order itself.  Because a successful challenge to the deduction of

10   incoming funds to satisfy the restitution order would not necessarily invalidate any portion of

11   plaintiff's conviction or sentence, his claims are not barred by Heck v. Humphrey, 512 U.S. 477

12   (1994); see also Abney v. Alameida, 334 F.Supp.2d 1221 (S.D. Cal. 2004).

13           The United States Supreme Court has held that "an unauthorized intentional

14   deprivation of property by a state employee does not constitute a violation of the procedural

15   requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

16   postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

17   Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional

18   deprivations constitute actionable violations of the Due Process Clause.  An authorized

19   deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

20   Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of

21   Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

22           Because plaintiff is challenging the taking of tribal funds specifically earmarked

23   for education from his prison trust account to satisfy the restitution order imposed as a result of

24   plaintiff's criminal conviction, it appears plaintiff is alleging the deprivation of property was

25   authorized.  Plaintiff's interest in the funds in his prison account is a protected property interest.

26   See, e.g., Orloff v. Cleland, 708 F.2d 372, 378 (9th Cir.1983); Hansen v. May, 502 F.2d 728, 730

(9th Cir.1974).  Once a protected interest is found, the court must then decide what process is due.  This is a question of law.  Belnap v. Chang, 707 F.2d 1100, 1102 (9th Cir.1983); see also Nelson v. Heiss, 271 F.3d 891 (9th Cir. 2001)(statute providing for exemption of veteran's benefits against claims of creditors precluded officials from placing holds on inmate's account).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has set forth no charging allegations as to defendant T. Schwartz and appears to name this defendant strictly under a theory of respondeat superior.  The court will not order service of process on defendant Schwartz.  In addition, the sole allegations against

1  defendants R. Thomas, M. Veal and N. Grannis appear to relate to their role in reviewing

2  plaintiff's administrative appeals concerning the alleged wrongful taking of his funds.  Plaintiff's

3  claims are more appropriately directed to those officials who were initially aware of the purpose

4  of these funds, or those who withdrew plaintiff's funds from his prison trust account, and

5  plaintiff has not alleged that any of these defendants were involved in that procedure.  The court

6  will not order service of process on defendants Thomas, Veal or Grannis.

7          The complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983

8  and 28 U.S.C. § 1915A(b).  If the allegations of the complaint are proven, plaintiff has a

9  reasonable opportunity to prevail on the merits of this action.

10          In accordance with the above, IT IS HEREBY ORDERED that:

11          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

12          2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

13  The fee shall be collected and paid in accordance with this court's order to the Director of the

14  California Department of Corrections filed concurrently herewith.

15          3.  Service is appropriate for the following defendant:  G. Riddle.

16          4.  The Clerk of the Court shall send plaintiff one USM-285 form, one summons,

17  an instruction sheet and a copy of the complaint filed November 16, 2005;

18          5.  Within thirty days from the date of this order, plaintiff shall complete the

19  attached Notice of Submission of Documents and submit the following documents to the court:

20                  a.  The completed Notice of Submission of Documents;

21                  b.  One completed summons;

22                  c.  One completed USM-285 form for the defendant listed in number 3

23                  above; and

24                  d.  Two copies of the endorsed complaint filed November 16, 2005.

25          6.  Plaintiff need not attempt service on defendant and need not request waiver of

26  service.  Upon receipt of the above-described documents, the court will direct the United States

4

Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED:   March 14, 2006.



UNITED STATES MAGISTRATE JUDGE

/001; seel2319.1a

1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TIMOTHY J. SEELEY,

11           Plaintiff,              No. CIV S-05-2319 FCD JFM P

12      vs.

13
     CALIFORNIA DEPARTMENT
14   OF CORRECTIONS, et al.,          NOTICE OF SUBMISSION

15           Defendants.             OF DOCUMENTS

16   _____/

17           Plaintiff hereby submits the following documents in compliance with the court's

18   order filed _____:

19           _____      completed summons form

20           _____      completed USM-285 forms

21           _____      copies of the _____
                                     Complaint/Amended Complaint
22
     DATED:
23

24

25                                   _____
                                     Plaintiff
26