IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY JACKSON SEELEY,

    Plaintiff,                  No. CIV S-05-2319 FCD JFM P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed March 14, 2006, the court found that plaintiff had stated a cognizable claim against defendant G. Riddle and directed plaintiff to return the forms necessary to accomplish service of process. However, on April 21, 2006, plaintiff filed an amended complaint. On May 12, 2006, plaintiff filed a second amended complaint. On June 26, 2006, plaintiff filed a third amended complaint. On August 1, 2006, plaintiff submitted the documents required by the court's March 14, 2006 order.

        The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). However, an amended or supplemental complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. Id.; see also E.D. Local Rule 15-220. Although the allegations of this pro se complaint are held to "less stringent

standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff will be required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

Because defendants have not yet appeared in this action, plaintiff may amend his complaint as a matter of right. The court now turns to plaintiff's third amended complaint.

Plaintiff has provided exhibits that demonstrate plaintiff failed to exhaust his administrative remedies prior to suit, as required by 42 U.S.C. § 1997e(a). (Third Amended Complaint, Ex. F.5.)

"Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion must precede the filing of the complaint and that compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. McKinney, 311 F.3d at 1199.

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, at 929-30.

Here, plaintiff's first level appeal response was dated April 25, 2006, six months after plaintiff filed his original complaint on November 16, 2005. (Pl.'s Third Amended Complaint, Ex. F.5.)  In addition, plaintiff's grievance was granted and the deduction of $1,400.00 in restitution and administrative fees was reversed from plaintiff's trust account.[1]  Thus, while plaintiff may have a cognizable claim, he may not file a civil rights action in federal court concerning that claim until he has exhausted his administrative remedies.  If there were residual fees plaintiff claimed were not reinstated to his account, he was required to pursue an appeal to the director's level prior to bringing suit in federal court.  The documents appended to plaintiff's third amended complaint demonstrate that plaintiff did not do so.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's third amended complaint be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 29, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; seel2319.fte

---

[1] This reversal may also have rendered plaintiff's claims moot.

3